IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**TSUNAMI KHAN (CHIEF)**
**COL. MICHAEL S. OWL**
**FEATHER-GORBEY,**

       **Petitioner,**

**v.**                                         **Case No.: 5:22-cv-00138**

**WARDEN, Beckley FCI,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Petitioner Feather-Gorbey is a federal prisoner formerly incarcerated in Federal Correctional Institution Beckley ("FCI Beckley") within this judicial district. On March 16, 2022, Feather-Gorbey, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Feather-Gorbey's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 2), and **DENY** the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), as moot.

I.   **Relevant History**

   A.   *Prior Proceedings*

   1. **2008 Criminal Conviction**

On January 18, 2008, Feather-Gorbey was arrested near the United States Capitol in possession of a shotgun and shotgun shells, a sword, a bulletproof vest, and hunting knives. *See Gorbey v. United States*, 55 F. Supp.3d 98, 101 (D.D.C. 2014). He stated that he was on his way to a meeting with Chief Justice John Roberts. *Id.* Law enforcement officers later searched Feather-Gorbey's truck, which was parked illegally nearby, and found hundreds of rounds of ammunition, a rifle scope, and a homemade bomb. *Id.* In May 2008, Feather-Gorbey was convicted by a jury on fourteen weapons-related charges in the District of Columbia Superior Court (the "Sentencing Court") and was sentenced to 264 months in prison. *Id.* Feather-Gorbey filed a direct appeal of the conviction and sentence to the District of Columbia ("D.C.") Court of Appeals, which affirmed much of the Sentencing Court's judgment, but remanded the case for further proceedings as explained below.

   2. **2012 District of Columbia State Habeas Proceeding**

While Feather-Gorbey's direct appeal was pending, he filed an unsuccessful motion in the Sentencing Court pursuant to D.C. Code § 23-110, collaterally challenging his convictions and sentence. *See Gorbey v. United States,* 54 A.3d 668, 676 (D.C. 2012). In this motion, Feather-Gorbey raised a number of claims, including ineffective assistance of counsel; lack of subject matter jurisdiction in the D.C. courts; errors in the presentence report ("PSR"); errors in the application of the D.C. Voluntary Sentencing Guidelines; failure of law enforcement to promptly inventory his truck; impartiality of the jury; the insufficiency of the evidence to establish the explosive device, weapons of mass

destruction, and carrying dangerous weapons charges; and Feather-Gorbey's competence.

In September 2012, after joining Feather-Gorbey's direct appeal with his appeal of the dismissal of his § 23-110 motion, the D.C. Court of Appeals rejected the majority of his claims on their merits, with the exception that the Court vacated one of Feather-Gorbey's carrying charges and all but one of the ammunitions charges, and remanded to the Sentencing Court an issue related to its failure to conduct a hearing under *Frendak v. United States,* 408 A.2d 364 (D.C. 1979). *Frendak* requires the trial court to inquire as to whether a criminal defendant made a knowing and voluntary decision to waive an insanity defense. On remand, the Sentencing Court conducted the *Frendak* hearing, found that Feather-Gorbey had validly waived the insanity defense, and resentenced him to 254 months in prison.

### 3. Miscellaneous Federal Habeas Petitions Under § 2241

Since his sentencing, Feather-Gorbey has filed hundreds of lawsuits in state and federal courts. In addition to multiple habeas petitions filed by Feather-Gorbey to attack his conviction and sentence, he has filed actions under 28 U.S.C. § 2241 challenging his conditions of confinement and various disciplinary proceedings. Representative of these many filings are the following: *Gorbey v. Warden*, No. 7:16cv00372, 2016 WL 6426417 (W.D. Va. Oct. 28, 2016) (challenging security level classification and facility designation); *Owlfeather-Gorbey v. Warden*, No. 7:16cv00461, 2016 WL 6462152 (W.D. Va. Oct. 31, 2016) (challenging security level classification, facility designation, and conditions of confinement); *Feather-Gorbey v. Warden-FCI Cumberland,* No. RDB-18-1602, 2018 WL 5809673 (D. Md. Nov. 6, 2018) (alleging that the BOP denied his access to the Interstate Agreement on Detainers Act related to a detainer filed by the State of

3

Virginia for an alleged probation violation); *Gorbey v. Warden*, No. 7:16CV00449, 2019 WL 4545618 (W.D. Va. Sept. 19, 2019) (challenging disciplinary proceeding for charge of improperly using the telephone); *OwlFeather-Gorbey v. Warden, FCI Cumberland*, No. CV RDB-19-2394, 2020 WL 1322950 (D. Md. Mar. 20, 2020) (challenging disciplinary proceeding for charge of possession of narcotics); *Owl Feather-Gorbey v. USP-Lewisburg*, No. 3:20-CV-1150, 2021 WL 4375949 (M.D. Pa. Sept. 24, 2021) (challenging disciplinary proceeding for charge of fighting; *Owl Feather-Gorbey v. USP-Lewisburg*, No. 3:20-CV-1364, 2021 WL 4494625 (M.D. Pa. Sept. 24, 2021) (challenging disciplinary proceeding for charge of disruptive conduct).

A review of the Feather-Gorbey's cases demonstrates that he asserts the same claims repeatedly, despite having received a review on the merits and an opportunity to appeal.

### B.    *Proceedings in this Court*

Since coming to FCI Beckley in March 2021, Feather-Gorbey has filed numerous habeas petitions and civil rights complaints. His litigation history in this Court is noted in *Feather-Gorbey v. Warden, Beckley FCI*, No. 5:21-CV-00583, 2021 WL 6884913 (S.D.W. Va. Dec. 23, 2021), *report and recommendation adopted*, No. 5:21-CV-00583, 2022 WL 445913 (S.D.W. Va. Feb. 14, 2022). As discussed below, Feather-Gorbey has raised the claims in the instant petition on multiple occasions before this Court and others.

On March 16, 2022, Feather-Gorbey filed an application to *in forma pauperis* ("IFP"), along with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an accompanying memorandum of law. (ECF Nos. 1, 2, 3). In his petition and memorandum, Feather-Gorbey raises four grounds for relief. In Ground One, he asserts that his "original detention in federal prison on the D.C. 'state' sentence 2008-CF2-1552

4

is illegal and or unconstitutional anywhere outside of the District of Columbia." (ECF Nos. 2 at 6, 3 at 1). He argues that D.C. Code § 24-101, which allows him to be designated to a federal prison as a D.C. offender, "is a state code [and] only has power [and] lawful effect within D.C.'s geographical-territorial jurisdiction." (ECF No. 3 at 1). Therefore, Feather-Gorbey reasons, his detention outside of D.C. is illegal and the BOP violated his "extradition rights." (*Id.* at 1–3). In Ground Two, Feather-Gorbey insists that the BOP "illegally, unconstitutionally" extradited him to federal custody by housing him in this judicial district and that his "appointed counsel was ineffective." (*Id.* at 4). He states that he was "already illegally constitutionally housed within the state of West Virginia" and then was moved "across state lines without his consent [and] without extradition proceedings." (*Id.*). Ground Three is redundant of Ground Two except that Feather-Gorbey alleges that the United States, rather than the BOP, illegally extradited him. (*Id.* at 5). In Ground Four, Feather-Gorbey asserts that a "Virginia detainer has been maliciously abused 15 times while Virginia has repeatedly forfeited their rights to prosecute or extradite giving Gorbey irrevocable asylum." (*Id.* at 6). He sets forth a timeline alleging that Virginia authorities have refused to prosecute him since 2006, insisting that he should be released and "all detainers [and/or] capias be dismiss[ed] (with prejudice!)". (*Id.* at 6–7).

## II.   **Standard of Review**

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states that the rules applying to § 2254 proceedings may be applied to any habeas corpus petition. Rule 4 requires a judge to conduct a preliminary review of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the

Clerk to notify the petitioner." *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Feather-Gorbey has filed his petition *pro se*, and courts are required to liberally construe *pro se* pleadings. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the petition is subject to dismissal if it fails to state a cognizable claim, states claims over which this Court lacks jurisdiction, or fails to overcome relevant gatekeeping provisions.

## III. Discussion

Feather-Gorbey recently raised the same issues as those presented in the instant petition in another habeas petition before this Court. *Feather-Gorbey v. Warden, Beckley FCI*, No. 5:21-CV-00583, 2021 WL 6884913 (S.D.W. Va. Dec. 23, 2021), *report and recommendation adopted*, No. 5:21-CV-00583, 2022 WL 445913 (S.D.W. Va. Feb. 14, 2022). In that case, the undersigned recommended that Feather-Gorbey's allegations concerning the legality of his detention outside the District of Columbia are challenges to the conditions of his confinement and thus not properly raised in a habeas action, and the Court subsequently dismissed the petition over Feather-Gorbey's objections. As to Feather-Gorbey's claim about the Virginia detainer lodged against him, the undersigned determined that, even assuming Feather-Gorbey could raise the claim in a habeas proceeding, it should be raised in a § 2254 petition and is barred unless Feather-Gorbey were to receive prefiling authorization to reassert it.

The undersigned **FINDS** that Feather-Gorbey's petition must be dismissed simply because all the claims he asserts have been fully determined by this Court and are barred from further review by *res judicata*. However, even assuming that the claims are not barred, the petition must be dismissed because the issues he presents are not properly before this Court.

### A.   *Conditions of Confinement*

In Grounds One, Two, and Three, Feather-Gorbey questions the legality of D.C. Code § 24-101 and his detention outside the District of Columbia, which, he argues, violates his rights. (ECF Nos. 2 at 6, 3 at 1–5). To determine whether a claim is cognizable under habeas corpus or under a civil rights action, a court must review whether the challenge is either to the fact or duration of the prisoner's confinement or instead to the conditions of the prisoner's confinement. *See Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017). While a habeas petition is appropriate when a prisoner seeks a "quantum change" in his level of custody, when he only "seeks a different program, location, or environment, his challenge is to the conditions of his confinement rather than the fact of his confinement and his remedy is under civil rights law." *Sappleton v. Hogsten*, Civil Action No. 1:11–00552, 2014 WL 2565547, at *2 (S.D.W. Va. Jun. 6, 2014) (quoting *Campbell v. Deboo*, 2011 WL 1694454, at *2 (N.D.W. Va. May 4, 2011)).

In this case, Feather-Gorbey's challenge to the place of his confinement is a challenge to conditions of confinement. He does not take issue with the *fact* of his custody; he is attacking the *location* of his custody. Habeas corpus is the appropriate and exclusive remedy for prisoners to attack the validity or duration of their confinement. *Todd v. Baskerville,* 712 F.2d 70, 71 (4th Cir. 1983). When a challenge is made to the conditions of confinement in a federal correctional facility, rather than to the fact of confinement, the remedy is a civil rights action filed pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971*). See Sandlain v. Rickard*, No. CV 1:19-00025, 2019 WL 4691467, at *1-*2 (S.D.W. Va. Sept. 25, 2019), *aff'd,* 801 Fed. Appx. 202 (4th Cir. 2020); *Wilborn v. Mansukhani,* 795 Fed. Appx. 157 (4th Cir. 2019) (noting a circuit split regarding whether conditions of confinement claims are cognizable in

habeas proceedings; declining to extend the scope of § 2241 to conditions of confinement); *Rodriguez v. Ratledge*, 715 Fed. Appx 261 (4th Cir. 2017) (deciding conditions of confinement claims are not cognizable in § 2241 petitions); *and Brown v. Zeigler*, No. 5:12-CV-01178, 2013 WL 4500473, at *6 (S.D.W. Va. Aug. 20, 2013), *aff'd*, 554 Fed. Appx. 235 (4th Cir. 2014) (holding that federal petitioner's challenge to continued placement in the Special Housing Unit must be brought in civil rights action). Accordingly, the undersigned **FINDS** that Feather-Gorbey cannot raise such a claim in this habeas petition.

### B.     *Virginia Detainer*

In Ground Four, Feather-Gorbey provides that a detainer lodged against him by the Commonwealth of Virginia "has been maliciously abused 15 times" and that the Commonwealth "has repeatedly [forfeited] their rights to prosecute or extradite" Feather-Gorbey. (ECF No. 3 at 6). He seeks dismissal of "all detainers [and/or] capias." (*Id.* at 7).

Feather-Gorbey's claims regarding his pending Virginia detainer have been fully resolved by this Court and others on numerous occasions. *See Feather-Gorbey v. Warden, Beckley FCI*, No. 5:21-CV-00583, 2021 WL 6884913, at *12 (S.D.W. Va. Dec. 23, 2021) (providing a detailed history of Feather-Gorbey's challenges to the Virginia detainer), *report and recommendation adopted*, No. 5:21-CV-00583, 2022 WL 445913 (S.D.W. Va. Feb. 14, 2022); *Gorbey v. Clarke*, No. 2:12cv667, 2014 WL 108743 (E.D. Va. Jan. 9, 2014); *Owl Feather-Gorbey v. Clarke*, No. 2:20CV270, 2021 WL 1085451, at *3 (E.D. Va. Jan. 27, 2021), *report and recommendation adopted sub nom. Feather-Gorbey v. Clarke*, No. 2:20CV270, 2021 WL 1082478 (E.D. Va. Mar. 19, 2021). To summarize, on December 7, 2012, Feather-Gorbey filed a petition for habeas relief under § 2254 with the United States District Court for the Eastern District of Virginia, asking that the detainer

8

be dismissed on the grounds that he was actually innocent of the charges and he had ineffective assistance of counsel. *Gorbey*, 2014 WL 108743, at *3. For various reasons—including that the petition was barred by the one-year statute of limitations contained in the AEDPA and that his claims of actual innocence were factually unsupported—Feather-Gorbey's petition was dismissed. *Id*.

On May 1, 2017, Feather-Gorbey filed a motion with the Circuit Court of Fauquier County, Virginia, asking it to reconsider his 2011 state habeas proceeding regarding the detainer and underlying charges. *Owl Feather-Gorbey*, 2021 WL 1085451, at *2. The Circuit Court denied the motion, and on October 18, 2017, entered an order preserving the 2010 capias, which was reentered in the National Crime Information Center. *Id*. Feather-Gorbey attempted to quash the preservation order and have the detainer withdrawn, but these attempts were unsuccessful. Feather-Gorbey initiated an appeal, but when he was told that his petition did not comply with the Rules of the Court of Appeals of Virginia, he failed to file an amended petition, resulting in dismissal of the appeal. *Id*. Gorbey next filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, which found the petition to be barred, because the issues were raised, or could have been raised, in the circuit court and on direct appeal and could not be raised in a habeas proceeding. *Id*., at *3.

Accordingly, Feather-Gorbey filed another petition under 28 U.S.C. § 2254 in the Eastern District of Virginia on May 29, 2020. He sought to have all pending charges dismissed and the detainer removed on the grounds that the 2017 preservation order and detainer violated the Double Jeopardy Clause, the Due Process and Equal Protection Clauses, were a malicious abuse of process, violated his right to a speedy trial, and on the additional ground that he was actually innocent of the charges. *Id*. On January 27, 2021,

9

United States Magistrate Judge Robert J. Krask issued a Report & Recommendation, finding that Feather-Gorbey's claims were procedurally defaulted; he had not shown cause to excuse the default, and his claim of actual innocence was not sufficiently supported. *Owl Feather-Gorbey*, 2021 WL 1085451, at *3-7. The R&R was adopted over Feather-Gorbey's objections on March 19, 2021. *Feather-Gorbey v. Clarke*, No. 2:20CV270, 2021 WL 1082478 (E.D. Va. Mar. 19, 2021).

Assuming, but not deciding, that Feather-Gorbey can bring this claim in a habeas proceeding, the claim should be raised in a petition under § 2254 rather than a petition under § 2241. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). As the claim was decided on the merits, his instant petition is successive. *See Griffin v. Padula*, 518 F. Supp.2d 680, 687 (D.S.C. 2007) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000)). Thus, this claim is barred under 28 U.S.C. § 2241(b)(1) unless Feather-Gorbey receives pre-filing authorization to reassert it. Feather-Gorbey does not indicate that he has received pre-filing authorization to file a second or successive petition on this ground. Without pre-filing authorization, "this court is without jurisdiction to entertain" the claim. *Jeter v. White,* No. 4:06–424–HMH–TER, 2006 WL 1391500, *2 (D.S.C. May 19, 2006) (citing *United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003)). Therefore, the undersigned **FINDS** that Ground Four of Feather-Gorbey's petition is barred as successive and should be dismissed.

### C. *Ineffective Assistance*

In Grounds Two and Three, Feather-Gorbey briefly mentions that his appointed counsel was ineffective. (ECF No. 3 at 4, 5). However, outside of this vague allusion to his Sixth Amendment right to counsel, Feather-Gorbey provides no fact or argument whatsoever in furtherance of this claim. He provides no details to indicate he wishes to

challenge the constitutionality of his conviction or sentence based on his counsel's possible ineffectiveness; he appears to have inserted the "ineffective assistance" language with no apparent purpose as his supporting facts are unrelated to such a claim. The undersigned **FINDS** that, in Grounds Two and Three, Feather-Gorbey raises a challenge to his present detention outside the territorial jurisdiction of the District of Columbia and not to the constitutionality of his judgment based on his Sixth Amendment rights. Thus, the undersigned will not engage an analysis concerning the propriety of such a claim in this § 2241 petition.

### IV.     Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Feather-Gorbey's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 2), be **DENIED**; the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED,** as moot; and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge

for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Volk and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** May 27, 2022

Cheryl A. Eifert
United States Magistrate Judge