## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

       Petitioner,

v.                                     CIVIL ACTION NO. 5:22-cv-00138

WARDEN, Beckley FCI,

       Respondent.

### MEMORANDUM OPINION AND ORDER

Pending is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by Petitioner (Chief) Col. Michael S. Owl Feather-Gorbey. [Doc. 2]. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on May 27, 2022. [Doc. 6]. Magistrate Judge Eifert recommended the Court take the following actions: deny the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 2]; deny Petitioner's Application to Proceed Without Prepayment of Fees or Costs as moot [Doc. 1]; and dismiss the matter. Mr. Feather-Gorbey objected to the PF&R on June 13, 2022. [Doc. 7].

### I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Objection One is to the Court's maintaining jurisdiction after his transfer from FCI Beckley to USP Thomson. He asserts the Court was divested of its jurisdiction upon his transfer out of the District, the Petition is now moot against FCI Beckley, and it should be transferred to the Northern District of Illinois. [Doc. 7 at 1]. He is correct that "'a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.'" *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986)). But he did not seek injunctive relief in this Petition. Mr. Feather-Gorbey specifically requested the following relief:

> I demand my immediate relese [sic] from custody (with prejudice) on all charges. D.C. state Superior Court 2008-CF2-1552 & sentence. W. Va. Federal charge 5:21-CR-214 & Virginia Fauquier Cir. Ct. 98-CR-586 & 99-CR-383 or CL-586 & CL-383 & sentences. Immediate release from all custody on all charges & on sentences pending.

[Doc. 2 at 7]. Transfer does not prevent the Court's adjudication of these claims so long as the Court had jurisdiction over Petitioner's immediate custodian at the time of filing. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Ex Parte Endo*, 323 U.S. 283, 307 (1944); *Lennear v. Wilson*, 937 F.3d 257, 263 fn. 1 (4th Cir. 2019). Mr. Feather-Gorbey was incarcerated at FCI Beckley at

the time of filing, and he properly named the facility warden as Respondent. Thus, the Court undeniably maintains jurisdiction over this matter despite his transfer out of District.

For the foregoing reasons, Objection One is **DENIED.**

**III.**

Objection Two is directed at the Magistrate Judge's characterization of the issues contained in his Petition. Specifically, he contends the Magistrate Judge is incorrect and his claims were not previously presented and adjudicated. Objection 5 contains a similar contention concerning his ineffective assistance of counsel claim; however, he specifically discusses Attorney Kris Faerber's representation in Criminal Action Number 5:21-cr-00214. Further, Objection 4 asserts he was not required to seek pre-filing authorization before filing the instant Petition. [Doc. 7 at 1, 3 – 4].

Magistrate Judge Eifert concluded the Virginia detainer claim, conditions of confinement claims, and the detention claims are barred. Mr. Feather-Gorbey presented the claims in prior actions, and he received decisions on the merits. His previous attempt to present these claims in this District was denied as the claims are barred by res judicata. *See (Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, Civil Action No. 5:21-cv-00583, Doc. 10. His assertion that they were not previously presented is blatantly incorrect.

As to Objection 5, Magistrate Judge Eifert is correct in that the Petition and accompanying memorandum only contain a vague reference to relief on the basis of ineffective assistance of counsel. Specifically, Mr. Feather-Gorbey challenges his unlawful "extradition" in Criminal Action No. 5:21-cr-00214 and vaguely contends this extradition occurred, "while appointed counsel was ineffective." [Doc. 3 at 4 – 5]. He does not describe how his attorney was

ineffective. It is also not clear whether he has previously presented this claim. Even assuming there was some cognizable, properly presented ground for relief in the Petition, the issue is now moot. To prove ineffectiveness, a petitioner must demonstrate "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see Folkes v. Nelsen*, 34 F.4th 258, 273 (4th Cir. 2022). Yet here, the Government voluntarily dismissed the Indictment against Mr. Feather-Gorbey, and the case is now closed. *United States v. Michael Gorbey*, Criminal Action No. 5:21-cr-00214, Docs. 57, 58. *Strickland* nor its progeny speak to whether a defendant may bring an ineffective assistance claim based on dismissed charges. Nonetheless, the Court would be hard pressed to find a dismissal in his favor constitutes prejudice warranting relief.

Turning to Objection 4 concerning pre-filing authorization, there is no question Mr. Feather-Gorbey failed to obtain it prior to filing the instant Petition. [Doc. 2 at 4]. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Yet it is abundantly clear this is not his first time filing successive habeas corpus petitions for which authorization is required yet was not obtained. [Doc. 6 at 2 – 5]; *see (Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, Civil Action No. 5:21-cv-00367, Doc. 30 at 7 – 8 (collecting cases). Having determined his claims were previously presented in a prior application and no authorization for a successive petition was granted, the Petition must be dismissed. 28 U.S.C. § 2244(b)(1).

Accordingly, Objections Two, Four, and Five are **OVERRULED.**

**IV.**

Objection Three concerns the Magistrate Judge's "mischaracterization" of "habeas issues as Bivens issues to misuse 28 U.S.C. § 1915(g)." Specifically, he takes issue with Magistrate Judge Eifert's characterization of his claims as "conditions of confinement" rather than issues that challenge the "fact of incarceration." [Doc. 7 at 2].

Despite his objections, Mr. Feather-Gorbey indeed asserts claims concerning conditions of confinement. Specifically, he makes claims concerning "extradition," "asylum," and illegal detention, which all derive from his purported statements that he, a District of Columbia offender, cannot be housed outside the District of Columbia in Federal facilities. [Doc. 3 at 1]. He contends he was forcibly abducted from the District of Columbia and transferred to another jurisdiction, which caused him to become a "fugitive subject to mandatory provisions of extradition clause including rights & privileges to habeas corpus." [Doc. 7 at 2]. As the Court previously discussed, the location of an inmate's confinement is, in fact, a condition of confinement and not a challenge to the confinement itself. *See (Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, Civil Action No. 5:21-cv-00583, Doc. 10 at 9 – 10. Therefore, Mr. Feather-Gorbey cannot seek relief on this issue through a Section 2241 petition. Insofar as he would have the Court construe his Petition as being brought under the proper mechanism for relief, the Court declines to do so. *See (Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, Civil Action No. 5:21-cv-00367, Doc. 24 at 7 ("Mr. Feather-Gorbey has alleged similar claims across various types of civil actions; therefore, he demonstrates capacity beyond the typical *pro se* litigant to bring his claims in whatever form he believes may be most meritorious.").

Accordingly, Objection Three is **OVERRULED**.

**V.**

Based upon the foregoing discussion, the Court **ADOPTS** the Magistrate Judge's

PF&R **[Doc. 6]**; **OVERRULES** Mr. Feather-Gorbey's objections **[Doc. 7]**; **DENIES** the Petition

for Writ of Habeas Corpus under 28 U.S.C. § 2241 **[Doc. 2]**; and **DENIES** Petitioner's Application

to Proceed Without Prepayment of Fees or Costs **[Doc. 1]**. The Court further **ORDERS** the case

**DISMISSED** and **STRIKEN** from the docket.

The Court directs the Clerk to transmit a copy of this written opinion and order to

any counsel of record and any unrepresented party herein.

ENTER: June 30, 2022



Frank W. Volk
United States District Judge

6